UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FREEMAN A. MESTETH,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MILSTEAD, MINNEHAHA COUNTY SHERIFF, INDIVIDUAL AND OFFICIAL CAPACITY; JEFF GROMER, MINNEHAHA COUNTY WARDEN, INDIVIDUAL AND OFFICIAL CAPACITY; NELINDA, AMOUR MEDICAL PROVIDER, MINNEHAHA COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY; JENN HANTKE, LEAD MEDICAL STAFF AT MINNEHAHA COUNTY JAIL, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 4:19-CV-04060-KES<br><br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DIRECTING SERVICE IN PART, AND DISMISSING COMPLAINT IN PART |

Plaintiff, Freeman Mesteth, filed a pro se civil rights complaint against defendants under 28 U.S.C. § 1983 on March 11, 2019. Docket 1. Mesteth requests leave to proceed in forma pauperis under 28 U.S.C. § 1915. Docket 2. Mesteth's motion to proceed in forma pauperis is granted. The court has screened Mesteth's complaint under 28 U.S.C. § 1915A and dismisses Mesteth's complaint in part and directs service in part.

## FACTUAL BACKGROUND

Mesteth alleges that medical staff at the Minnehaha County Jail, namely defendants Nelinda and Jenn Hantke, "failed to provide adequate health procedures" by withholding "diabetic snack sack[s]" and did not provide adequate "insulin and various other diabetic medication and procedures" for diabetic prisoners. Docket 1 at 2, 4. Mesteth additionally alleges that he is not eligible for eye glasses even though he is an Oglala Lakota, and that he is entitled to health care and medication by treaty rights guaranteed by the United States government. *Id.* at 4. Rather than state an injury, Mesteth re-alleges in his complaint that he needs consistent medical care related to his diabetes and vision problems. *Id.* As relief, Mesteth requests $270,000.00 for himself, as well as $50,000.00 for his attorney, although he filed the complaint pro se. *Id.* at 7. Mesteth further requests that the Minnehaha County Jail change its medical procedures. *Id.*

## LEGAL STANDARD

The court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x

502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008); *see also Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

## DISCUSSION

## I.    Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)     the average monthly deposits to the prisoner's account; or
(B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Mesteth has reported average monthly deposits to his prisoner trust account of $0.25, an average monthly balance of $0.00, and a current balance of $0.00. Docket 3 at 1. Based on this information, the court finds that Mesteth is indigent. Section 1915(b) states, "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Therefore, the court grants Mesteth leave to proceed in forma pauperis and waives his initial partial filing fee.

Mesteth must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, the installments will be collected under this procedure.

4

The clerk of the court will send a copy of this order to the appropriate financial official at Mesteth's institution. Mesteth remains responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.    Screening Pursuant to § 1915A

Mesteth brings a single claim of deliberate indifference to medical needs. Docket 1. To state a claim of deliberate indifference, Mesteth must allege that "(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it." *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Mesteth must allege facts that show "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

As to Nelinda and Hantke, Mesteth alleges he was denied insulin and other diabetic medications, glasses, "snack sack[s]," and the medical staff knew he was diabetic. Docket 1 at 2, 4. In essence, Mesteth claims Nelinda and Hantke were deliberately indifferent to Mesteth's medical needs. These allegations are sufficient to make a showing that Mesteth suffered from an objectively serious medical need known by the defendants and the need was disregarded. Mesteth's claim against Nelinda and Hantke is sufficiently pleaded to survive initial review under 28 U.S.C. § 1915A and service is directed.

Mesteth alleges that Sheriff Milstead and Warden Gromer failed to supervise Nelinda and Hantke. Docket 1 at 2. Mesteth does not allege that

either Sheriff Milstead or Warden Gromer played a direct role in alleged

constitutional violations. *Id.* Vicarious liability is inapplicable in § 1983 suits

and a supervisor "is only liable for his or her own misconduct" and "may not be

held accountable for the misdeeds of their agents." *Ashcroft v. Iqbal*, 556 U.S.

662, 676-77 (2009). Because Mesteth fails to make the required showings, he

fails to state a claim upon which relief may be granted and the claims against

Sheriff Milstead and Warden Gromer are dismissed under 28 U.S.C.

§ 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

Thus, it is ORDERED

1. Mesteth's motion for leave to proceed in forma pauperis (Docket 2) is granted.

2. Mesteth's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

3. The clerk of the court is directed to send a copy of this order to the appropriate official at Mesteth's institution.

4. Mesteth's complaint (Docket 1) as it pertains to Sheriff Milstead and Warden Gromer is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. Mesteth's complaint (Docket 1) as it pertains to Nelinda and Jenn Hantke survives screening under 28 U.S.C. § 1915A.

6.  The Clerk shall send a blank summons form and USM-285 form to Mesteth, so he may cause the summons and complaint to be served upon the defendants.

7.  Mesteth shall complete and return to the Clerk of Courts the completed summons and USM-285 form. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed.

8.  The United States Marshal shall serve a copy of the complaint (Docket 1), Summons, and this Order upon the defendants as directed by Mesteth. All costs of service shall be advanced by the United States.

9.  Defendants will serve and file an answer or responsive pleading to the claim in the complaint and motion for preliminary injunction on or before 21 days following the date of service.

10. Mesteth will serve upon defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by the court. He will include with the original paper to be filed with the clerk of court a certificate stating the date and that a true and correct copy of any document was mailed to the defendants or their counsel.

11.    Mesteth will keep the court informed of his current address at all
       times. All parties are bound by the Federal Rules of Civil
       Procedure and by the court's Local Rules while this case is
       pending.

Dated this 2nd day of August, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE