UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| FREEMAN A. MESTETH,<br><br>  Plaintiff,<br><br>vs.<br><br>NELINDA, Amour Medical Provider, Minnehaha County Jail, Individual and Official Capacity; and JENN HANTKE, Lead Medical Staff at Minnehaha County Jail, Individual and Official Capacity,<br><br>  Defendants. | 4:19-CV-04060-KES<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS, GRANTING DEFENDANTS' ALTERNATIVE REQUEST TO ENFORCE THIS COURT'S PRIOR ORDER, AND DENYING DEFENDANTS' MOTION TO STRIKE AS MOOT |

Plaintiff, Freeman A. Mesteth, filed a pro se civil rights complaint under 42 U.S.C. § 1983. Docket 1. This court granted plaintiff leave to proceed in forma pauperis. Docket 6. Service was executed on Nelinda Rhode[1] and Jenn Hantke. Docket 30.

The court granted defendants' motion for a more definite statement under Federal Rule of Civil Procedure 12(e). Dockets 26, 28. In response, Mesteth filed an amended complaint. Dockets 29. Now, defendants move to dismiss, or alternatively to strike Mesteth's amended complaint, and request the enforcement of this court's prior order (Docket 28). Docket 31.

---

[1] The original complaint named "Nelinda" an Amour Medical Provider employee at Minnehaha County jail as a defendant. Docket 1. Summons was executed and signed by Nelinda Rhode.

Mesteth's single claim of deliberate indifference to his medical needs by the defendants, as medical staff, survived screening under 28 U.S.C. § 1915A. Docket 6. Mesteth, a known diabetic prisoner, alleges that he was denied insulin and other diabetic medications, glasses, and diabetic "snack sack[s]." Docket 6 at 2. This court granted the defendants' motion for a more definite statement ordering that Mesteth identify the "date or dates of the alleged Constitutionally inadequate medical care he received, a description of why the care provided by defendants was Constitutionally deficient, [and] a description of the harm he believes he sustained." Docket 28. In response, Mesteth filed a "complaint for inadequate and unconstitutional chronic medical care." Docket 29 at 1. Mesteth's amended complaint also seeks to add additional defendants and add claims of denial of equal protection of the law and treaty rights violations that expand the original complaint. *Id* at 1-3.

Defendants seek dismissal of Mesteth's complaint under Federal Rule of Civil Procedure 41(b) for failure to comply with this court's order for a more definite statement. Docket 32. It is within this court's discretion to dismiss a case where the record clearly shows "delay or contumacious conduct by the plaintiff." *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (quoting *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985)). Here, defendants allege Mesteth has "wholly failed to comply" with this court's order and they should not be required to continue defending an imprecise claim. Docket 32 at 3. Defendants state that failure by Mesteth to indicate when and what harm occurred as a result of the alleged withholding of eyeglasses, diabetic

2

medications, and diabetic snack foods denies them of reasonable opportunity to respond. Docket 27 at 2-4.

Defendants assert that Mesteth has been booked into the Minnehaha County Jail "over 200 times since 2006," and that to be required to respond to such conclusory allegations would be a "shot in the dark." Docket 32 at 2-3. Where it is unclear that a plaintiff deliberately failed to comply with a court order, dismissal is not appropriate. *Holly v. Anderson,* 467 F.3d 1120, 1121 (8th Cir. 2006). Also, a plaintiff should be forewarned of the potential for dismissal due to failure to comply with court orders. *See Burgs v. Sissel,* 745 F.2d 526, 528 (8th Cir. 1984).

While a complaint must contain more than an "unadorned" accusation of harm, "detailed factual allegations" are not required. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint must simply provide defendants fair notice of the claim and the grounds upon which it is made. *Twombly*, 550 U.S. at 555. Failure by a pro se plaintiff to allege he suffered harm where denial of treatment would exacerbate a medical problem is not adequate grounds for dismissal of a claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

The amended complaint still does not answer some of the questions directed at Mesteth in the order for a more definite statement. Dockets 28, 29. The amended complaint does state that Mesteth "signed medical release of information forms for the Indian Health Service to release this information to the Minnehaha County Jail about [his] diabetic chronic condition." Docket 29

at 2. This alleged fact is a more definite statement regarding the care Mesteth received and why the care was Constitutionally deficient. The amended complaint does not, however, identify the date or dates of when the alleged Constitutionally inadequate care was provided.

"[A] handwritten pro se document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Mesteth has attempted to comply with this court's order for a more definite statement by promptly filing his amended complaint. Dockets 28, 29. Although the document did not provide the requested information, Mesteth has been responsive to defendants' filings. *See* Docket 33. Whether Mesteth misunderstood the nature of the order for a more definite statement, or the legal requirements of his stated complaint, his document does not exhibit a deliberate failure to comply. *See Anderson v. United States,* 469 F. App'x 507, 508 (8th Cir. 2012). Because Mesteth has not deliberately failed to comply with this court's order, defendants' motion to dismiss under Rule 41(b) is denied.

Defendants have articulated good cause to require Mesteth to identify the date or dates of when he allegedly received inadequate medical care because, according to defendants, Mesteth has been incarcerated over 200 times since 2006. Docket 32. As a result, Mesteth is again ordered to file an amended complaint that identifies the date or dates of the alleged Constitutionally inadequate medical care he received. The amended complaint must be filed by July 31, 2021, or this action will be dismissed without prejudice.

Thus, it is ORDERED

1. Defendants' motion to dismiss (Docket 31) is denied.

2. Defendants' alternative request to enforce this court's prior order (Docket 31) is granted.

3. Defendants' alternative motion to strike (Docket 31) is denied as moot.

4. Mesteth is ordered to file an amended complaint that identifies the date or dates of the alleged Constitutionally inadequate medical care Mesteth received by July 31, 2021, or this action will be dismissed without prejudice.

Dated July 1, 2021.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE